UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:02-00022 |
| | ) | JUDGE CAMPBELL |
| | ) | |
| FREDERICK J. BRUSH | ) | |

ORDER

Pending before the Court is the Motion Of Defendant Frederick J. Brush For Early Termination Of Special Condition Of Supervised Release (Docket No. 106). Through the Motion, the Defendant requests that the Court terminate the Special Condition of his supervised release requiring that he be subject to home confinement monitored through a global positioning system (GPS). The Government has filed a Response (Docket No. 109) opposing the Defendant's request.

Subsection 18 U.S.C. § 3583(e)(2) permits the Court to modify a special condition of supervised release prior to the expiration of the term of supervised release upon consideration of the certain factors set forth in certain provisions of 18 U.S.C. § 3553:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) --
>
> > (2) . . . modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision;

Section 3553(a) requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to

modify, reduce, or enlarge the term or conditions of supervised release.[1] See United States v. Lussier, 104 F.3d 32, 35 (2nd Cir. 1997).

Rule 32.1 of the Federal Rules of Criminal Procedure provides that the Court must hold a hearing before modifying the conditions of supervised release under certain circumstances. A hearing in this case is unnecessary because the Court declines the request for modification.

Petitioner pled guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), on July 22, 2002. (Docket Nos. 34, 46). At the subsequent sentencing hearing, the Court sentenced the Petitioner to seventy-one months of imprisonment, to run consecutive to a sentence already imposed in state court for aggravated sexual battery, and five years of supervised release. (Docket No. 47).

On May 25, 2011, the Court entered an Agreed Order revoking the Defendant's supervised release based on the Defendant's admitted failure to participate in sex offender treatment, and his termination from a sex offender treatment program. (Docket No. 104). Through the Agreed Order, the Defendant was sentenced to serve eleven months of imprisonment, followed by 49 months of supervised release. (Id.) One of the terms of supervised release required that the Defendant be subject to home confinement, with electronic monitoring by GPS. (Id.) The Order also permitted the Defendant to request removal or

---

[1] The Section 3553 factors referred to in Subsection 3583(e)(2) include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct; protection of the public from further crimes of the defendant; the most effective manner for providing the defendant with needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and the sentencing range established under the Sentencing Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

modification of the home confinement condition after demonstrating that the condition is no longer necessary to protect the public. (Id.)

Through his Motion, the Defendant indicates that he has been on supervised release since February 13, 2012, and has been in full compliance with both his State and Federal supervised release conditions. The Defendant states that he passed two polygraph tests while on release, and has filed monthly reports, as required. The Defendant contends that the costs associated with GPS monitoring requires that he pay a monthly fee of $300, and that he has paid $3,600 to date.

In its Response, the Government takes the position that the absence of significant violations of supervised release may demonstrate that the existing conditions are working satisfactorily, not that the conditions are no longer necessary. The Government points out that disclosures by the Defendant during the polygraph examinations suggest continuing issues, and that the Defendant's failure to have completed a treatment program is evidence of the need for continued external monitoring.

Having considered the relevant factors set forth in Section 3553, the Court concludes that the Special Condition requiring home confinement and GPS monitoring should not be terminated given the nature and circumstances of the offense, the need to protect the public from further crime, and in the interest of rehabilitation. Accordingly, the Defendant's request for early termination of the supervised release condition is DENIED.

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE